Fecteau, J.
MEMORANDUM DECISION AND ORDER ON DEFENDANTS’ MOTION FOR SUMMARY JUDGMENT[1]
The plaintiff brought this action against the defendants for their failure to honor his application for disability income insurance benefits for a period of time between May 19, 1998, and September 17, 1999.[2] His claim includes counts for breach of contract, and violation of G.L.c. 93A and c. 176D against the insurer and two agents. The defendants denied the claim for the earlier period on the ground that he did not qualify as “totally disabled” according to the policy of insurance. The plaintiff contends that, by virtue of having suffered a minor stroke on May 19, 1998, he was restricted to a level of approximately twenty percent of his prior ability and need to travel to and moniter various VA medical facilities in New England, and to travel to network director meetings around the country, which travel was a “material and substantial” duty that comprised approximately forty-five to fifty percent of his duties. He says that such a restriction upon his ability to travel constitutes total disability, notwithstanding the fact that he was not hospitalized, missed only three or four days of work, was medically cleared and able to report to work full time and able to perform many of his duties as network director for the New England region in the Department of Veterans Affairs, and draw his entire pay. It appears to be undisputed that while travel was a substantial and material duty of the plaintiffs it was not the only such duty. Moreover, it appears undisputed that he was able to perform other substantial duties of his occupation during relevant times.
The parties agree that the only question that is determinative of this motion is the interpretation of the language in the contract of insurance that defines “totally disabled”; all parties agree that the interpretation of contract language is a question of law for the court and both appear to agree that the words are not ambiguous but are capable of understanding according to their plain and common meaning. The interpretation of an insurance contract is a question of law for the court. Cody v. Connecticut General Life Insurance Company, 387 Mass. 142, 146 (1982). An insurance contract, like other contracts, is to be construed according to the fair and reasonable meaning of the words. Id.
According to the policies in question, “(t)otal disability means that you are continuously unable to perform any of the substantial and material duties of your occupation.” The parties differ as to the proper meaning of the word “any"; the plaintiff contends that the words “unable to perform any duties” means “any one *349 duly,” while the defendants asserting that it means “substantially all" or “every duty."
Counsel were unable to provide to the court, nor was the court able to locate any decision in Massachusetts that had interpreted precisely the same language as appears in this contract.[3] However, in Cobb v. Mutual Life Insurance Company of New York, 151 Pa.Super. 654, 30 A.2d 611, 614 (1943), the Pennsylvania court stated that the inability of a farm owner, insured under a life policy granting total and permanent disability benefits, to perform any one of his duties continuously, . . . would not constitute “total and permanent disability.” [Emphasis added.]
An applicant for benefits need not prove that he is bedridden or helpless, physically and mentally. Moreover, a person in the position of this plaintiff is not contractually required to prove that he is unable to retain this or any other employment. However, it is a fair and reasonable interpretation of the words of the contract that if the applicant was able to perform (as opposed to unable to perform) any of the substantial and material duties of that occupation, he would not qualify as totally disabled. The same result appears if the negative and positive qualifiers were reversed, i.e., “able to perform none of the substantial and material duties.” The case of Lambert v. New England Fire Insurance Company, 90 A.2d 451, 455 (1952), is consistent with such a reading, recognizing that the commonly understood meaning of the word “any,” as it appears in such clauses, is “every” or “all.” The gloss that the plaintiff would apply to “total disability” as being unable to perform any one of the substantial and material duties of the occupation is inconsistent with the notion of total disability. [Emphasis added.] As a matter of law, then, and for the foregoing reasons, I hold that “unable to perform any of the substantial and material duties of your occupation” does not mean “any one substantial and material duty.”
Given that the Rule 56 record discloses the undisputed fact that the plaintiffs pre-stroke travel requirement constituted approximately 45-55% of his time, the remaining portion of his time was devoted to duties that he performed in his office; following the stroke of May 1998, considering the restriction on his ability to travel, it appears that, at some points during the contested period, he was able to. perform approximately one-half of his substantial and material duties. As a matter of law, then, since he was able to perform some of these duties, as opposed to being unable to perform any of these duties, the plaintiff is not entitled to summary judgment in his favor, while the defendants’ motion may be allowed, in part.
However, upon closer examination of the plaintiffs deposition testimony, offered as an attachment to the defendants’ motion, it appears that his post-stroke condition was fluid and deteriorating. He described his difficulties following the stroke as having “to do with the stress, the travel, the fatigue” which “were snowballing and mounting.” (Plaintiff deposition, pp. 19-20.) He also believed that by October 1998, when he first reported his condition to his supervisor, he “was not going to be able to continue to do this,” and from May 1998, through the end of the year, his ability to travel “gradually diminished to probably 20 percent” of his prestroke level. (Plaintiff deposition, pp. 25-26.) Thus it appears from the Rule 56 record that the plaintiffs condition did not suddenly change from being totally healthy on one day and being totally disabled on the next. The record is sufficiently clear and undisputed that the plaintiff was able to perform adequately through October 1998. However, this record provides adequate support to find a genuine issue of material fact as to whether the plaintiff was unable to perform, as a practical matter, all of the substantial and material duties of his occupation at a point between October 1998 and September 17, 1999. For these reasons, the defendants’ motion for summary judgment is denied, in part.[4]
ORDER ON MOTION
For the foregoing reasons, the defendants’ motion for summary judgment is allowed, in part, and denied, in part. The plaintiffs motion for summary judgment is denied.

Although not captioned as such, a reading of the plaintiffs opposition to the defendants’ motion discloses a request for the entry of summary judgment in his favor pursuant to Rule 56(c) of the Mass.R.Civ.P.

His claim for disability benefits for a period commencing from September 17, 1999 was approved, as was his application for federal disability retirement benefits.

Indeed, the only case that the court was able to locate in which the same contract language appears is that of Acquista v. New York Life Insurance Company, 285 A.D.2d 73, 730 N.Y.S.2d 272 (2001). There, the plaintiff physician sued on three disability income policies, one of which had precisely the same definition of total disability as the case at bar. The court found genuine issues of material fact that foreclosed summary judgment with respect to all three policies.
Also, there was discussion (inconclusive of the issues herein) of standards applied under the law of Arkansas including the phrase “unable to perform any of the substantial and material duties of the occupation,” in the case of Gammill v. Provident Life & Accident Insurance Company, 346 Ark. 161, 55 S.W.3d 763 (2001).

A different issue solely related to one defendant only involves the plaintiffs claims against the Lester L. Burdick, Inc. agency. The plaintiff contends that Burdick was contractually liable, either directly or vicariously, to pay benefits to Fitzgerald based upon a date of disability of May 19, 1998, and to waive premiums accordingly on account of such disability. (See counts 3, 7, 11, 15, 19 and 23.) It has liability, which it has recognized as the placing agent, to “disgorge” a portion of its commission should the plaintiff prevail against the insurer. Moreover, as Burdick also assumed responsibility for claims administration, including a portion of the claim’s contested period, it may have other theoretical liability. However, prior to the plaintiff actually asserting his claim for disability benefits, Burdick had been instructed by American General to turn over to the Hewitt agency all responsibility for claims administration. Burdick is not contractually obligated to the plaintiff as an insurer of the plaintiff nor responsible for the acts or omissions of the other defendants with *350 whom the plaintiff has contractual rights. As the plaintiff has the burden of production and proof, he had the burden to produce admissible evidence of the liability of Burdick for other than the refund of a portion of commission. He has not done so. Consequently, summary judgment shall also enter on behalf of Burdick on counts 3, 7 and 19.